Benja: Lynde, ⎫
John Cuſhing, ⎬ Eſqrs., Juſtices.
Peter Oliver, ⎭

---

## Poor verſ. Dougharty.

THE Defendant Dougharty loſt ſome Goods, which he ſuſpected Poor had ſtolen; upon which Complaint was made to a Juſtice of the Peace, who heard their ſeveral Stories, and ordered Poor to Goal for further Examination. Poor was again examined, but Dougharty not appearing, was diſcharged, and ſuffered to go without Day. The Juſtice kept no Record of any Part of the Tranſaction. The preſent Action was commenced by Poor *vs.* Dougharty for falſe Impriſonment. *The Juſtice was offered as a Witneſs* to prove the Facts alledged, and objected to, for that whatever came before him was Matter of Record, for a Juſtice's Court is a Court of Record, and that no Parol Evidence

1762.

POOR
*v.*
DOUGHARTY.

Rec. 1763.
Fol. 105.

A Juſtice of the Peace cannot be admitted to teſtify to any Matter which came before him judicially, although he kept no Record of the Tranſaction.
In an Action for falſe Impriſonment, the Juſtice's Mittimus, on which the Plaintiff was committed,

1762.

POOR
*v.*
DOUGHARTY.

is not Evidence of the Facts therein recited.
But it may go to the Jury as a Mittimus. *Oliver & Cushing, JJ., diff.*
Whether a Paper shall go to the Jury or not when the Court is equally divided on that Question — *quære.*

dence can be given of that which is Matter of Record. For this was cited 2 Lilly, 419; Wood's Inst. Com. Law, 82.

*Messrs. Otis & Thacher.* It was said contrary, that though it be Matter of Record, yet, if it is not recorded, then the Justice may be called. The only Rule being that you shall produce the best Evidence you can. Now as Poor is unable to produce Record, not through any Default of his own, he may be allowed to produce Parol Evidence. That if a Record is burnt, they may swear Witnesses to prove the Fact which had been recorded, and this within the same Reason. Authorities cited: 1 Salk. 14; 1 Strange, 691; Viner, Tit. Evid. 56; 7 Mod. 169; 2 Show. 145.

*Mr. Gridley.* It was said further, for the Defendant, what is in Court must be proved by Record, what is *in Pais* by Witnesses; Anything which passes before a Court is not Matter of Fact, but of Record.

*The Court* (1) upon this Point *ruled* unanimously, that the Justice should not be sworn to Anything that came before him judicially. (2)

Then

---

(1) Under the Provincial Government, the Superior Court of Judicature consisted of five judges, and was held for all purposes by a full bench. All jury trials were conducted in the presence of the full Court, and not less than three judges were competent to preside. Anc. Chart. 330. 9 Pick. 569.

(2) S. P. *Sayles* v. *Briggs,* 4 Met. 421. There the justice was offered to prove facts of which he should have made a record. Mr. Justice Hubbard says: " It is argued that this testimony should be received from necessity,

Then the Juſtice's Mittimus was produced as Evidence. The Mittimus, as a Mittimus, was allowed by the Council for the Defendant. But the Recital of the Fact contained in it was excepted to, and the Exception was *ruled by the Court* to be *good*.

It was then debated whether the Mittimus was to be given to the Jury or not, as one Part of it was legal Evidence and the other not — on which *the Court* was divided. (3)

It was then debated whether it muſt go in, as *the Court* was divided upon it, or be taken out, upon which they were alſo divided, and the Caſe was adjourned for a full Court. (4) At February, A. D. 1763, the Mittimus was admitted: *Oliver & Cuſhing* against; *Ch. Juſt., Lynde, & Ruſſell* for it.

1762.

POOR
*v.*
DOUGHARTY.

---

neceſſity, as there is no way by which the plaintiff can obtain redreſs; and that this is the beſt teſtimony which now exiſts. But it will be productive of leſs miſchief for an individual to ſuffer from the neglect or misfortune of an officer in not making a judicial record, than to eſtabliſh a precedent that the record itſelf, or a part of it, may be proved by parol. It has been argued that the record may be preſumed to be loſt. The rules which apply to the admiſſion of teſtimony to prove the contents of a loſt record, or to the introduction of minutes by which the record may be extended, have no real bearing on a caſe like the preſent, where no ſuch loſs ever took place, and no ſuch minutes were ever made." See alſo *Kendall v. Powers*, 4 Met. 553; *Wells v. Stevens*, 2 Gray, 115; *Tillotſon v. Warner*, 3 Gray, 574.

(3) In *Commonwealth v. Wingate*, 6 Gray, 485, the Court allowed a complaint in evidence to go to the jury, although the record of the conviction of the defendant was upon the ſame paper— the jury being inſtructed that ſuch conviction could not be conſidered as evidence.

(4) The effect of a diviſion is to incapacitate the Court from taking any action whatever on that point. 3 Chit. Prac. 10. 12 Co. 118. 1 Salk. 15. *Goddard v. Coffin*, Daveis, 381. And the burden being on the

the party offering the paper, it would ſeem that a divided court would have no power to admit it.

